

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JAN 2 7 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| HORACE WHITEHEAD AND PAM WHITEHEAD, INDIVIDUALLY AND D/B/A/ H&P FARM | CIVIL ACTION NO. 05-1323-A |
| | JUDGE DRELL |
| -vs- | |
| PILGRIM'S PRIDE CORP., MIKE PIERCE, STEVEN STRAHAN AND BRAD MORGAN | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court are the following motions: (1) a Motion to Strike Horace Whitehead's Affidavit attached to Plaintiff's Response to Motion to Stay (Doc. 22); (2) a Motion to Remand and for attorneys fees brought by Plaintiffs Horace Whitehead and Pam Whitehead (Doc. 19); (3) a Motion to Dismiss Complaint filed by Defendant Pilgrim's Pride Corp. (Doc. 3); and (4) a Motion to Stay and Refer to Compulsory, Binding Arbitration brought by Defendants Mike Price, Steven Strahan, Brad Morgan, and Pilgrim's Pride Corp. (hereinafter, collectively, Defendants)(Doc. 4). Having considered the parties' pleadings and applicable law, Defendants' Motion to Strike (Doc. 22) is DENIED and Plaintiffs' Motion to Remand is GRANTED IN PART and DENIED IN PART. The other pending motions (Docs. 3 and 4) are moot

## I. Background

Plaintiffs own and operate a chicken farm which produced chickens for ConAgra Poultry Co. (hereinafter ConAgra) and Pilgrim's Pride Corporation (hereinafter Pilgrim's Pride). (Doc. 1). On March 1, 1999, Mr. Whitehead signed a four-year Broiler Grower Agreement with ConAgra. When the agreement expired on March 1, 2003, Mr. Whitehead declined to enter into a new agreement, but continued growing chickens for ConAgra and, later, Pilgrim's Pride. Plaintiffs never entered into a written contractual relationship with Pilgrim's Pride.[1]

Plaintiffs allege that beginning in 2003, and continuing at least until the time their petition was filed, Pilgrim's Pride engaged in "arbitrary, unreasonable, bad faith and abusive practices . . . in connection with the operations and proposed sale of their chicken farm" to at least one prospective buyer. (Doc. 1).

## II. Motion to Strike

Defendants' challenge an affidavit Mr. Whitehead submitted to support Plaintiffs' opposition to Defendants' Motion to Dismiss the complaint. Defendants claim the affidavit's form is unacceptable. That is, they claim Mr. Whitehead's affidavit fails for two reasons. First, Defendants postulate the affidavit "fails to meet the requirements of 28 U.S.C. § 1746, which states that unsworn

---

[1] Pilgrim's Pride acquired control of Con Agra Food's chicken division in an acquisition affective November 23, 2003. At that time, Plaintiffs began growing chicken for Pilgrim's Pride rather than ConAgra. Neither party provided evidence regarding what kind of interest Pilgrim's Pride purchased in ConAgra. It is unclear to us whether the preexisting written "contract" itself with Plaintiffs was actually acquired by Pilgrim's Pride.

declarations be made under the penalty of perjury." (Doc. 30). Second, they advance that it fails to satisfy Federal Rule of Civil Procedure 56(e)'s requirement that affidavits be made on personal knowledge and show the affiant is competent to testify as to the matters contained in the affidavit. (Doc. 30).

While Defendants accurately represent § 1746 requires an unsworn declaration be made under the penalty of perjury, we are confused about why Defendants think this statutory provision is relevant. The first paragraph of Mr. Whitehead's statement reads: "who after being first duly sworn did upon his oath say. . ." (Doc. 12). A reading of this first sentence shows us clearly that Mr. Whitehead did make a sworn declaration and, therefore, § 1746 does not apply to the matter before us. See also Direct TV, Inc. v. Budden, 420 F.3d 521 (5th Cir. 2005).

Rule 56(e) requires that affidavits supporting or opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." As Defendants note, Mr. Whitehead's affidavit does not affirmatively pronounce that it is based on personal knowledge nor that he is competent to testify. (Doc. 12).[2] A recent Fifth

---

[2] We are perplexed by two things surrounding Defendants' request. First, Defendants failed to cite any authority in which a court refused to consider an affidavit if the declarant appeared to have personal knowledge and to be competent, but failed to make such affirmative statements. Second, we are surprised Plaintiffs did not solve the problem, as is often done, by filing a supplemental affidavit following Defendant's Motion to Strike, in which Plaintiffs would have added language to inform us that Mr. Whitehead was competent and had personal

Circuit case will clearly dispose of the urged Rule 56(e) issues. In <u>Direct TV</u>, one party challenged an affidavit proffered by his opponent because the affidavit, while sworn, did not state the affiant's testimony was "based on personal knowledge, nor does it aver that the statements therein are true and correct." 420 F.3d at 529. Rather than stating he had personal knowledge, the affiant swore he was "familiar with" the events. <u>Id.</u> Denying the challenge to the affidavit, the court explained: "while an affidavit certainly *can* explicitly state that it is based on personal knowledge, there is no requirement for a set of magic words." <u>Id.</u> at 530 (emphasis original, internal quotation marks omitted). The Court continued:

> [T]he Fourth Circuit squarely rejected the argument that the affidavits in the record are defective because they do not state that they are based on personal knowledge and do not affirmatively state that the affiants are competent to testify to the matters stated therein. The Ninth Circuit has also found it proper in the summary judgment context for district courts to rely on affidavits where the affiants' personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore. <u>Id.</u> (citing <u>Bryant v. Bell Atl. Md., Inc.</u>, 288 F.3d 124, 135 n.9 (4th Cir. 2002); <u>Barthelemy v. Air Lines Pilots Ass'n</u>, 897 F.2d 999, 1018 (9th Cir. 1990))(internal quotation marks omitted).

The law in the Fifth Circuit is clear: An affiant is not required to <u>state</u> he has personal knowledge and is competent when it otherwise appears to the court

---

knowledge, if those things are in fact true. Be that as it is, we proceed with what <u>is</u> in the record.

4

that the affiant does have personal knowledge and is competent.[3] Mr. Whitehead's affidavit discusses events that happened to him and of which he would logically have personal knowledge. In the paragraph most relevant to us today, which is discussed further below, he testifies "I am familiar with . . ." as did the affiant in <u>DirectTV</u>. (Doc. 12, Affidavit). Additionally, Mr. Whitehead's affidavit shows no sign that he lacks competence to testify to the matters contained in the affidavit any more than if he were called and sworn at trial.[4] Therefore, Defendants' Motion to Strike will be denied and Mr. Whitehead's affidavit is properly considered in conjunction with the Motion to Remand.

### III. Motion to Remand

Plaintiffs filed this action in the 10th Judicial District Court of Louisiana. Defendants removed the action pursuant to 28 U.S.C. § 1441. Plaintiffs petition the Court to remand the case, alleging that it was wrongfully removed because all presently named defendants are properly in the litigation, and, therefore, the individual defendants should not be dismissed (Doc. 12). It follows, Plaintiffs say, that the parties are not diverse. Plaintiffs finally claim the right to remand

---

[3] We continue to ponder why Plaintiffs forced us to even engage in this analysis when merely formatting the affidavit more traditionally could have eliminated any exposure created by Defendant's attempt to capitalize on Plaintiffs' failure to specify that Mr. Whitehead had personal knowledge and was competent.

[4] Mr. Whitehead appears competent to testify as to all matters contained in the affidavit, except, perhaps, for matters contained in paragraph nine in which he discusses which defendants own farms and grow chickens for Pilgrim's Pride. However, the contents of that paragraph are not relevant to our inquiries today.

because the action only avers state law claims. (Doc. 19). To support its assertion the individual defendants are proper, and therefore this court lacks jurisdiction, Plaintiffs rely on Mr. Whitehead's affidavit in which he swore that non-diverse Defendants Mike Pierce, Steven Strahan and Brad Morgan (hereinafter individual defendants) acted beyond the scope of their employment in dealing with Plaintiffs. Therefore, Plaintiffs claim they have a valid cause of action against the non-diverse individual defendants and thus the Court lacks diversity jurisdiction over the case. (Doc. 19).

Defendants counter that the non-diverse, individual defendants were improperly joined and should be dismissed from the suit. If they are dismissed, the remaining, proper party, Pilgrim's Pride, would be completely diverse and this Court could exercise diversity jurisdiction over the case. (Docs. 3 and 30).

A federal court has jurisdiction over a case if it arises under federal law or if the parties are fully diverse and no defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). A defendant who removes a case to federal court, claiming at least one defendant was improperly joined and therefore diversity jurisdiction exist, bears "a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568 (5th Cir. 2004). A defendant may establish improper joinder in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court.

Id. To satisfy the second test, the one on which Defendants rely, the defendants must show "there is *no possibility* of recovery by the plaintiff against an in-state defendant," meaning "there is no reasonable basis for the district court to predict that the plaintiff *might* be able to recover against an in-state defendant." Id. (emphasis added).

In the Fifth Circuit, fraudulent joinder claims can be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony. Hart v. Bayer Corp.,199 F.3d 239 (5th Cir. 2000). Therefore, we will pierce the pleadings and utilize Mr. Whitehead's affidavit, submitted to support Plaintiffs' opposition to Defendants' Motion to Dismiss, as is necessary to resolve Plaintiffs' Motion to Remand.

Defendants assert Plaintiffs cannot recover against the individual defendants because the individual defendants were acting in the course and scope of their employment during all time relevant to the suit. (Doc. 30). In Canter v. Koehring, 283 So.2d 716 (La. 1973), the Louisiana Supreme Court established the following criteria to determine whether an individual employee can be held liable to a third party: (1)the principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought; (2) this duty is delegated by the principal or employer to the defendant; (3) the defendant officer, agent, or employee has breached his duty through personal (as contrasted with technical or vicarious) fault; and (4) with

7

regard to the personal fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for some function of employment. He must have a personal duty toward the injured plaintiff, breach of which specifically has caused the plaintiff's damages. See Ford v. Elsbury, 32 F.3d 931, 936 (5th Cir. 1994).

Defendants claim the individual defendants cannot be held personally liable for acts performed in the course and scope of their employment and were wrongfully joined because Plaintiffs failed to allege the individual defendants had a personal duty toward them. (Doc. 30). Plaintiffs assert the individual defendants may be held jointly or solidarily liable and, therefore, they were not improperly joined. In the Petition, Plaintiffs allege that the individual defendants are "supervisory and managerial employees responsible for supervising plaintiffs [sic] operations and responsible for Pilgrim [sic] Pride's dealings with plaintiffs, and, for performance of obligations owed plaintiffs." (Doc. 1). In Mr. Whitehead's affidavit, however, he swore:

> I am familiar with specific allegations of coercion, economic duress, defamation, disparagement of our equipment and operations and unethical and immoral actions by Pilgrim's personnel, including Steven Strahan, Mike Pierce and Brad Morgan set forth in the Petition which was filed in this case. These are true and correct. Brad Morgan placed a requirement on the prospective purchaser of our farm which was not applicable and which was a cause of the loss of the sale. (Doc. 12, Affidavit).

Plaintiffs clearly claim the individual defendants participated in unethical and immoral actions to Plaintiffs' detriment. If the individual defendants engaged

in the activities Mr. Whitehead alleges, we doubt Pilgrim's Pride would consider them to have been acting in the course and scope of their employment. Because Plaintiffs allege the individual defendants acted beyond the course and scope of their employment, there is a possibility Plaintiffs may recover from the non-diverse, individual defendants. Plaintiffs can establish a cause of action against them and Defendants have failed to carry their heavy burden to show the individual defendants were improperly joined. Therefore, Plaintiffs' Motion to Remand will be granted. Plaintiffs' request for attorney fees will be denied.

As a result of the above discussion, we lack the jurisdiction to address the substance of the other motions pending before this court. These motions (Docs. 3 and 4) will be denied as moot.

SIGNED on this 27th day of January, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE